(C.D. 2976)

Accurate Millinery Co. *v.* United States

United States Customs Court, Second Division

(Decided April 19, 1967)

*Brooks & Brooks (J. Joseph McDermott* of counsel) and *Siegel, Mandell & Davidson (Allan H. Kamnitz* and *David Serko* of counsel) for the plaintiff.
*Barefoot Sanders,* Assistant Attorney General (*Arthur H. Steinberg,* trial attorney), for the defendant.

Before Rao and Ford, Judges

Ford, Judge: The suits listed in schedule "A," annexed hereto and made a part hereof, consist of 17 protests which have been consolidated for purposes of trial and are directed against the classification of the collector of customs at New York of certain ramie headwear imported from Italy.

The merchandise (with the exception of two items) was classified as hoods, sewn, in chief value of ramie, and assessed with duty at the rate of 25 per centum ad valorem and $1.50 per dozen under paragraph 1504(b)(4) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

Protest 60/10071, consisting of merchandise designated by item numbers 997 and 998, was classified as hats, chief value of straw, sewn and blocked, and assessed with duty at the rate of $2.35 per dozen and 20 per centum ad valorem under paragraph 1504(b)(4) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Plaintiff contends the merchandise in question is similar in all material respects to the merchandise which was the subject of *Morris Shoenthal, Inc.* v. *United States,* 52 Cust. Ct. 36, C.D. 2431, wherein this court held that the word "sewed" in the provision for sewed hats, bonnets, or hoods, provided for in paragraph 1504(b), Tariff Act of 1930, as modified, *supra,* relates to the manufacturing process of the hat, bonnet, or hood, *per se,* and does not include subsequent sewing of souffle material, which is not trimming, on a previously woven hood. In that case, the hoods in issue were held to be not "sewed" within the tariff understanding of that term.

Plaintiff, in the instant case, therefore, contends that, since the merchandise in issue is not sewed, it is subject to duty at the rate of 23 cents per dozen and 11½ per centum ad valorem under paragraph 1504(b)(2), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

With respect to protest 60/10071, plaintiff, by amendment, urges that the merchandise covered thereby should properly be classified as hats, sewn, chief value of straw, blocked or trimmed, and valued at less than $15 per dozen, and subject to duty at the rate of $2.04 per dozen and 10½ per centum ad valorem under paragraph 1504(b)(3) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

The competing provisions of the tariff act, as modified, are here set forth.

Paragraph 1504(b)(4), Tariff Act of 1930, as modified by T.D. 52739, *supra*—

Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, paper, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, ramie, or manila hemp, whether wholly or partly manufactured:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Sewed, whether or not blocked, trimmed, bleached, dyed, colored, or stained:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Not wholly or in chief value of straw.

. Paragraph 1504(b)(2), Tariff Act of 1930, as modified by T.D. 54108, *supra*—

Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, paper, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, ramie, or manila hemp, whether wholly or partly manufactured:
> Not blocked or trimmed:
>> Composed wholly or in chief value of straw or ramie:

\*     \*     \*     \*     \*     \*     \*

>> Bleached, dyed, colored, or stained.

Paragraph 1504(b)(4), Tariff Act of 1930, as modified by T.D. 54108, *supra*—

Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, paper, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, ramie, or manila hemp, whether wholly or partly manufactured:
> Not blocked or trimmed:
>> Composed wholly or in chief value of straw or ramie:

\*     \*     \*     \*     \*     \*     \*

> Sewed, whether or not blocked, trimmed, bleached, dyed, colored, or stained:
>> Composed wholly or in chief value of straw:

\*     \*     \*     \*     \*     \*     \*

>> Blocked or trimmed, and valued at less than $15 per dozen.

Paragraph 1504(b)(3), Tariff Act of 1930, as modified by T.D. 54108, *supra*—

Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, paper, grass, palm leaf, willow, osier, rattan, real horsehair, cuba bark, ramie, or manila hemp, whether wholly or partly manufactured:

\*     \*     \*     \*     \*     \*     \*

> Blocked or trimmed, whether or not bleached, dyed, colored, or stained (except men's Yeddo hats wholly or in chief value of unsplit straw, blocked but not trimmed).

The evidence in the instant case consists of testimony of one witness called on behalf of the plaintiff, one exhibit (plaintiff's collective exhibit 1), composed of sample hats bearing item numbers 319, 725, 816, 820, 858, and 859, together with an oral stipulation at the trial that the foregoing items are similar in all material respects to exhibit 1 in protest 328085–K, *Morris Shoenthal, Inc.* v. *United States, supra*, the record of which was incorporated as part of the instant case pursuant to plaintiff's motion.

Mr. Phil Weintraub, president of the importing company, testified he has been president of the Accurate Millinery Co. for about 12 years, and has been a millinery buyer since 1917. Having imported milli-

nery constantly since 1920, he has traveled to Europe for such purpose over a 30- 35-year period, making trips from four to six times a year. He has sold millinery goods all over the United States since 1917.

The witness testified he imports hoods similar in all material respects to exhibit 1 in the *Shoenthal* case, *supra.* He described the particular article in issue as a new one, his company having begun importation thereof in 1956 or 1957 as a novelty item.

Mr. Weintraub testified that items numbered 836, 839, 840, 841, 843, and 844 on the invoice covered by protest 58/7030(B) are similar patterns to exhibit 1 in the incorporated case.

The following items of merchandise were examined and described by the witness as similar in all material respects to the merchandise in plaintiff's collective exhibit 1, in that they are handwoven articles composed of ramie and souffle material:

| Item No. | Entry No. | Protest No. |
|---|---|---|
| 813 | 834568 | 58/12812(B) |
| 815 | 834568 | 58/12812(B) |
| 823 | 839925 | 58/14616 |
| 872 | 816088 | 58/11533(A) |
| 890 | 834339 | 58/14616 |
| 891 | 834339 | 58/14616 |

| Manufacturer's item No. | | |
|---|---|---|
| 900 | 867733 | 58/15510(C) |
| 948 | 719753 | 59/10865(C) |
| 949 | 719753 | 59/10865(C) |
| 997 | 496525 | 60/10071 |
| 998 | 496525 | 60/10071 |
| 9320 | 719753 | 59/10865(C) |
| 9321 | 719753 | 59/10865(C) |

With respect to the items that Mr. Weintraub testified to as similar to collective exhibit 1, he stated that he had visited the factory where the merchandise had been made and had followed every step in the manufacturing process. At the time that he had purchased the goods personally, he noted they were all made in the same way. The witness also pointed out that item numbers remain constant; merchandise is always imported under the same item number, be it 816, 820, or 875.

On cross-examination, Mr. Weintraub testified that he had visited some six manufacturers on numerous occasions and had seen the hats in issue being manufactured in their respective factories in Florence, Signa, and elsewhere in Italy. On redirect examination, he stated the completed hats were identical in appearance with plaintiff's collective exhibit 1.

It is to be noted that plaintiff having failed to adduce testimony with respect to item 541 covered by protest 58/12955 (G) and said claim, not being urged in the briefs submitted on behalf of plaintiff, is deemed abandoned and is, accordingly, dismissed.

The basic issue with respect to most of the protests involved is whether or not the merchandise at bar is sewed within the meaning of paragraph 1504 (b) of the Tariff Act of 1930, as modified.

At the trial, it was orally stipulated by the parties that the sample hoods bearing item numbers 319, 725, 816, 820, 858, and 859 are similar in all material respects to exhibit 1 in the *Shoenthal* case, *supra*. Defendant, in its brief, contends, notwithstanding the stipulation of the parties, plaintiff failed to establish that the samples were representative of any items on the invoices. Mr. Weintraub's testimony with respect to the stability of an item number was not rebutted at the trial. Defendant contends the plaintiff failed to establish that the foregoing items were not blocked or trimmed, but dyed or colored as stipulated by the parties in the incorporated case. Since items in question were stipulated to be similar in all material respects to the exhibit in the *Shoenthal* case, *supra*, we conclude this embraces the designation "not blocked or trimmed, but dyed or colored."

In view of the foregoing and the rule pronounced in the *Shoenthal* case, *supra*, we hold that items 319, 725, 816, 820, 858, and 859 should have been assessed under paragraph 1504 (b) (2), as modified, as not blocked or trimmed, in chief value of ramie, bleached, dyed, colored, or stained. Clearly they are not "sewed" within the meaning of said term as contained in paragraph 1504, *supra*, but are, in truth and in fact, handwoven articles similar in all material respects to merchandise such as was introduced in evidence as plaintiff's exhibit 1 in the *Shoenthal* case, *supra*.

The next matters to be considered by the court are the various motions made by the parties with respect to protest 59/20669. Suffice it to say that, by virtue of various concessions made and withdrawal of motions in the briefs of the parties, the only issue before us with respect to this protest is the proper classification of item 725, plaintiff being satisfied with the classification of items 816 and 820. Said items having been previously considered, the protest is sustained as to item 725 and dismissed as to items 816 and 820 in said protest.

Defendant, in its brief, concedes the correctness of plaintiff's claims with respect to items 997 and 998. Protest 60/10071 is, accordingly, sustained.

With respect to the other items in issue, defendant contends the record is barren of any evidence as to whether or not such hats were blocked or trimmed, or whether or not such hats were bleached, dyed,

colored, or stained. The court is of the opinion that Mr. Weintraub's unrebutted testimony clearly establishes his complete familiarity with the merchandise in question, having seen it in completed form at various factories in Italy, and that the items are identical in appearance and made in the same manner as exhibit 1 of the *Schoenthal* case, *supra*. Again, we must conclude that this designation means not blocked or trimmed, but dyed or colored. In view of the foregoing and the rule pronounced in that case, we hold that the remaining items * are not "sewn" and should have been assessed under paragraph 1504(b)(2), as modified, as not blocked or trimmed, in chief value of ramie, bleached, dyed, colored, or stained.

Plaintiff having abandoned its claim as to item 834 at the trial, it is hereby dismissed.

Plaintiff having abandoned its claim as to items 572 and 9234 at the trial, the court, accordingly, entered judgment on April 28, 1966, dismissing protest 60/25377 and protest 62/4176, respectively.

Judgment will be entered accordingly.

(C.D. 2977)

PREMO PHARMACEUTICAL LABS., INC. *v.* UNITED STATES

---

*Items 813, 815, 823, 836, 839, 840, 841, 843, 844, 872, 890, 891, 900, 948, 949, 9320, and 9321.